IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| AIDA CORNEJO,                         ) | |
|     Plaintiff,                  ) | |
| ) | |
| v.                                                 ) | NO. EP-11-CV-470-RFC |
| ) | (by consent) |
| CAROLYN W. COLVIN,[1]          ) | |
| Acting Commissioner of the Social  ) | |
| Security Administration,              ) | |
|     Defendant.                ) | |

### MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 423(d), 1382c(a)(3). Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas. For the reasons set forth below, the Commissioner's decision is **REVERSED AND REMANDED** for further administrative proceedings.

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

## PROCEDURAL HISTORY

On May 13, 2008, Plaintiff filed her application for SSI, due to impairments that she alleged became disabling on May 13, 2008, the amended onset date. (R:31, 139)[2] The application was denied initially and on reconsideration. (R:15, 52-55, 62-64, 77-78) Pursuant to Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing to review Plaintiff's application *de novo* on February 16, 2010, at which Plaintiff was represented by an attorney and testified with the aid of an interpreter, and at which a vocational expert testified. (R:26-49) The ALJ issued his decision on April 23, 2010, denying benefits on the basis that Plaintiff could perform her past relevant work as a housekeeper in a hotel. (R:9-25) Plaintiff's request for review was denied by the Appeals Council on September 14, 2011. (R:1-8)

On November 14, 2011, Plaintiff submitted her complaint along with a motion to proceed *in forma pauperis*. (Doc. 1) The motion was granted and her complaint was filed. (Docs. 4-5) The Commissioner filed an answer and a certified copy of the transcript of the administrative proceedings on February 21, 2012.[3] (Docs. 16, 18) On March 22, 2012, Plaintiff's brief was filed. (Doc. 22) On April 23, 2012, the Commissioner filed his brief in support of the decision to deny benefits. (Doc. 23) On May 3, 2012, Plaintiff filed a Reply brief. (Doc. 24)

---

[2] Reference to documents filed in this case is designated by "(Doc. [docket entry number(s)]:[page number(s)])". Reference to the record of administrative proceedings filed in this case is designated by "(R:[page number(s)])".

[3] Both parties having filed notices of consent to proceed before a Magistrate Judge, this cause was reassigned to this Court on February 22, 2012, by order of District Court Judge Kathleen Cardone. (Docs. 3, 17, 20)

**ISSUES**

Plaintiff presents the following issues for review:

1. Whether the ALJ failed to properly accommodate Plaintiff's acknowledged moderate limitations in the domain of concentration, persistence, and pace; and

2. Whether the ALJ erred in finding that Plaintiff's hotel housekeeping job constitutes "past relevant work" as contemplated by the Commissioner's regulations and the rulings.

(Doc. 22:2)

**DISCUSSION**

*A.     Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

### B.    *Evaluation Process*

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which. . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity ("SGA"); 2) whether the claimant has a medically determinable impairment that is severe; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work ("PRW"); and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. A person's residual functional capacity ("RFC") is what he can still do despite his limitations or impairments. 20 C.F.R. § 404.1545(a); Social Security Ruling ("SSR") 96-8p.

An individual applying for benefits bears the initial burden of proving that he is disabled for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the

burden of proof on the first four steps, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).

C. *The ALJ's Hearing Decision*

First, the ALJ found that Plaintiff had not engaged in documented substantial gainful activity since May 13, 2008, the application date. (R:17)

At the second step, the ALJ found that Plaintiff had severe impairments consisting of diabetes, lumbar degenerative changes, and a mood disorder and/or single episode of major depression. (R:17) The ALJ found that such impairments, neither alone nor in combination, met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ found Plaintiff has the RFC:

> to perform a slightly limited range of unskilled "medium" work as defined in 20 CFR 416.967(c). She is limited to work which requires no more than frequent reaching on the right. She is also limited to work requiring the performance of only simple tasks, and which does not require literacy in the English language.

(R:18)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a housekeeper. (R:20-21) The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, since May 13, 2008, the date the application was filed. (R:21)

D.  *Analysis*

   1.   **Whether the ALJ erred in finding that Plaintiff's hotel housekeeping job constitutes "past relevant work" as contemplated by the Commissioner's regulations and the rulings.**

At step four, in determining whether Plaintiff can return to work performed in the past, the ALJ may consider any work done within the previous fifteen years that lasted long enough to learn and constituted substantial gainful activity. SSR 82-62; 20 C.F.R. § 416.965(a). Plaintiff concedes that she worked as a housekeeper within the last 15 years and that she worked there long enough to learn the job. (Doc. 22:8) Plaintiff argues, however, that such work did not constitute SGA. (*Id.*) Plaintiff contends that she was prejudiced by the ALJ erroneously categorizing her past work as a housekeeper as past relevant work, because otherwise the ALJ would have been required to proceed to step five where the burden is on the Commissioner to prove that there is other work that Plaintiff can perform. (Doc. 22:9)

Plaintiff worked as a housekeeper from July 24, 2007, to January 24, 2008, approximately six months. (R: 20, 141, 146) She testified that she worked between six and eight hours a day, five days a week. (R:36) In the forms submitted in support of her application, Plaintiff alleged she worked six hours per day, five days a week. (R:141) She made $5.85 per hour when the minimum wage was $5.25. (R:36, 141) Plaintiff's earning statement indicates that she earned $4,432.52 in 2007 and $877.50 in 2008. (R:134-135)

The criteria for determining whether work activity is substantial and gainful is set forth in 20 C.F.R. §§ 416.971-416.975; SSR 82-62. Generally,

> if your average monthly earnings are equal to or less than the amount(s) determined under paragraph (b)(2) of this section for the year(s) in which you work, we will generally consider that the earnings from your work as an employee... will show that

6

> you have not engaged in substantial gainful activity. We will generally not consider other information in addition to your earnings except in the circumstances described in paragraph (b)(3)(ii).

20 C.F.R. § 416.974(b)(3)(i).

Thus, if a claimant's average monthly countable earnings exceed the designated threshold amount, she will "ordinarily" be found to have engaged in SGA, and if they fall below that designated floor, she will "ordinarily" be found not to have engaged in SGA. 20 C.F.R. § 416.974(b). Average monthly countable earnings are claimant's gross earnings reported for work activity during the relevant period minus the value of any subsidized earnings and the reasonable cost of any impairment-related work expenses, and averaged over the entire period of work requiring evaluation. 20 C.F.R. §§ 416.974a(a), 416.974(b); SSR 83-33, 1983 WL 31255, at *3. The designated threshold amount for 2007 was $900 and in 2008 was $940. (*Id*., citing 71 Fed. Reg. 62636-01 (October 26, 2006); 72 Fed. Reg. 60703-02 (October 25, 2007); *see also* Social Security Online, *Substantial Gainful Activity* at http://www.ssa.gov/oact/cola/sga.html (Last visited June 3, 2013)).

Based on Plaintiff's earning statement, she earned $4,432.52, or an average of $886 per month in 2007, and $877.50 in 2008. (R:134-135) Plaintiff argues that her wage records indicate that Plaintiff earned a total of $5,310.02 from July through January, or an average of $885 per month for the entire six month period she worked the job. (Doc. 22:8) Both calculations produce earnings lower than the threshold amount, creating a presumption that Plaintiff's work as a housekeeper was not SGA.

In his decision, the ALJ stated only that Plaintiff worked an average of six to eight hours a day, five days a week, from July 24, 2007, to January 24, 2008. (R:20) If Plaintiff worked an

7

average of eight hours a day, five days a week at $5.85 over those six months, her average monthly earnings should have been approximately $936, above the SGA threshold for five months and $4 under the SGA threshold for the last month. However if Plaintiff's work *averaged* six to eight hours a day, or seven hours a day—which when worked five days a week at $5.85 would result in an average monthly earning of $819— her earnings would still fall below the SGA threshold. However, regulations do not calculate average monthly countable earnings from multiplying the number of hours Plaintiff alleged she worked on average with her hourly wage, but by dividing her actual earnings by the number of months worked. *See* 20 C.F.R. §§ 416.974a(a), 416.974(b) (average monthly earnings calculated essentially by averaging the gross earnings reported over the entire period of work reported); SSR 83-33, 1983 WL 31255, at *3.

The Commissioner, however, does not contend that Plaintiff's earnings from her previous work rose above the threshold to be considered presumptive SGA, but argues that work may be considered gainful if usually performed for pay or profit, whether or not a profit is realized. (Doc. 23:7)

Where a claimant's earnings are not high enough to ordinarily show whether a claimant has engaged in substantial gainful activity, the regulations advise that other information be considered:

> (ii) *When we will consider other information in addition to your earnings*. . . . [W]e will generally consider other information in addition to your earnings if there is **evidence indicating that you may be engaging in substantial gainful activity** or that you are in a position to control when earnings are paid to you or the amount of wages paid to you (for example, if you are working for a small corporation owned by a relative). Examples of other information we may consider include, whether—
> (A) Your work is comparable to that of unimpaired people in your community who are doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work; and

8

> (B) Your work, although significantly less than that done by unimpaired people, is clearly worth the amounts shown in paragraph (b)(2) of this section, according to pay scales in your community.

20 C.F.R. § 416.974(b)(3)(ii) (bold emphasis added).

Where a claimant earned less than the required threshold to constitute SGA, the burden of proof shifts to the Commissioner. *Lewis v. Apfel*, 236 F.3d 503, 515-516 (9th Cir. 2001). "With the presumption, the claimant has carried his or her burden unless the ALJ points to substantial evidence, aside from earnings, that the claimant has engaged in substantial gainful activity." *Id*. Thus, the controlling regulations raise not only a presumption in favor of a finding of SGA if the claimant's average monthly earnings exceed the threshold level calculated under the regulations, they also raise a presumption against a finding of SGA if the claimant's average monthly earnings are below the threshold level calculated under the regulations. *See* 20 C.F.R. § 416.974(b)(3)(i); *see also Sheppard v. Astrue*, 426 Fed. Appx. 608, 610 (10th Cir. 2011).

At the hearing, the ALJ acknowledged the issue of whether Plaintiff's work as a housekeeper qualified as SGA. In his initial questioning of the vocational expert, the ALJ stated in part ". . . if I were to include the claimant's past, relevant work as a housekeeper qualified as past, relevant work. . . ." (R:45) Later, Plaintiff's counsel explicitly pointed out that Plaintiff's earnings did not appear to qualify as SGA. (R:48) The ALJ said he understood the point the attorney was making, but asked no further questions to develop the record on other factors that the ALJ could have considered in determining whether Plaintiff's previous work constituted SGA. (*See* R:47-48)

In his decision, the ALJ stated only that Plaintiff's work averaged six to eight hours a day, five days a week, from July 24, 2007, to January 24, 2008. (R:20) The ALJ noted no additional facts, nor made any further findings regarding whether or under what reasoning Plaintiff's previous

9

work constituted SGA and thus previous relevant work. (*See id.*) While the Commissioner contends that Plaintiff's work was SGA based on considerations other than earnings, the ALJ did not address any such considerations in his decision.

The Commissioner's decision cannot be sustained on grounds the Commissioner has not embraced where the correctness of the Commissioner's decision depends upon a determination of fact which has not been and should only be made by the Commissioner. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87-88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943). The ALJ failed to make factual findings supported by substantial evidence to support the ALJ's implicit conclusion that Plaintiff had performed SGA although her earnings fell below the threshold. While there is no evidence in the record to suggest that Plaintiff received less compensation than unimpaired individuals performing the same job or that she performed her job any differently than unimpaired individuals in the community, the ALJ made none of the suggested findings. Nor did he provide any other explanation as to why he found Plaintiff's previous work was SGA even though her earnings were below what is presumptively SGA, e.g., that Plaintiff was in a position to control the amount of wages paid to her, or that her position was "comparable to that of unimpaired people in her community who are doing the same or similar occupations as their means of livelihood". Absent such findings, the ALJ's conclusion that Plaintiff's work as a housekeeper was SGA and therefore previous relevant work for step four purposes was contrary to law.

The ALJ's decision only implicitly makes a finding that Plaintiff's previous work was SGA constituting PRW. The only facts the ALJ cited fail to provide substantial support for this implicit finding. Therefore, this Court must remand for further administrative consideration of this issue.

**2.    Whether the ALJ failed to properly accommodate Plaintiff's acknowledged moderate limitations in the domain of concentration, persistence, and pace**

Plaintiff argues that the RFC limitation of being able to perform a "slightly limited range of unskilled medium work" requiring "performance of simple tasks" fails to account for the ALJ's finding that Plaintiff experienced moderate limitations in the domain of concentration, persistence, and pace, constituting legal error. (Doc. 22:3-4) Subsumed in Plaintiff's argument is a challenge to the substantial evidence supporting the ALJ's decisions: to reject the mental RFC assessed by Eliza Hernandez, P.A.; to not consider Plaintiff's mental impairment as waxing and waning; and to find Plaintiff not disabled. (*Id*., at 3-7) Plaintiff further argues that the vocational expert's response to the ALJ's hypothetical containing this RFC does not constitute substantial evidence supporting the ALJ's conclusion. (*Id*., at 5) The Commissioner responds that the ALJ properly declined to defer to P.A. Hernandez's assessment, and argues that the record supports the ALJ's finding that Plaintiff could perform the mental demands of unskilled work entailing only simple tasks. (Doc. 23:4)

At the third step, the ALJ stated that "[w]ith regard to concentration, persistence, or pace, the [Plaintiff] has moderate difficulties." (R:17) In stating his determination as to Plaintiff's RFC, the ALJ stated in part " [a]fter careful consideration of the entire record, I find that [Plaintiff] has the [RFC] to perform a slightly limited range of unskilled "medium" work . . .requiring the performance of only simple tasks. . . ." (R:18) In the discussion regarding this finding, the ALJ explained that "[a] conservative evaluation of the evidence as a whole supports no more than 'moderate' limitations in concentration, persistence, and pace. [Plaintiff] retains the ability to perform simple, repetitive work tasks on a sustained basis." (R:20) Thus, in context, the qualification that Plaintiff can only

perform simple tasks, can be understood to be an accommodation for Plaintiff's acknowledged moderate limitation in concentration, persistence, and pace.

### A. Grounds for Discounting P.A. Hernandez's Opinion

P.A. Hernandez provided an opinion dated March 12, 2009, assessing, *inter alia*, that Plaintiff had moderate difficulty in understanding, remembering, and carrying out both detailed and simple instructions. (Doc. 22:4; R:286-287) The ALJ did not disregard this opinion, but found it to be less persuasive, and thus entitled to less weight, than it might otherwise have been for several reasons: (1) P.A. Hernandez is not a medically acceptable treating source whose opinion might be entitled to controlling weight; (2) the opinion was conclusory, with very little explanation of the evidence relied on and with no supporting treatment records being provided; and (3) the opinion was without substantial support from the other evidence in the record. (R:20) All of these are proper considerations for determining the weight to give a medical opinion from an acceptable medical source and demonstrate that the ALJ's consideration of P.A. Hernandez's opinion, as an other medical source, was sufficient. *See* 20 C.F.R. §§ 416.925, 416.927(d), 416.913(d) (evidence from other medical sources can be used to show the severity of an impairment and how it affects the ability to work); SSR 96-2p.

In July 2008, based on Dr. Barrientos's mental status examination report dated the same month, a state agency medical consultant, Nancy Wilson, Ph.D., assessed that Plaintiff had only mild difficulties in maintaining concentration, persistence, or pace, and having found it non-severe, did not go on to further classify the limitation. (R:221, 231, 233) Dr. Barrientos's exam reflected, in part, that Plaintiff was able to memorize and recall a list of four digits, had no difficulty recalling the chronology of events in her life, and showed normal sensorium and cognitive functioning. (R:290-

293) The ALJ did not choose to adopt Dr. Wilson's assessment either. (*See* R:20) Rather, the ALJ found that the evidence as a whole conservatively supported no more than moderate limitations in concentration, persistence, and pace such that Plaintiff retained the ability to perform unskilled simple work tasks. (*Id.*)

Plaintiff's treatment records characterized Plaintiff's psychiatric functioning as within normal limits in 2007 and 2008, and as having no psychological symptoms during evaluations in June, September, and December 2009. (R:213-18, 308-315) In January 2010, after seeking and obtaining psychological treatment, Plaintiff reported no complaints, and her health care provider noted that although her mood continued to be depressed, her thought processes were goal-directed and her cognition was grossly intact. (R:343) Additionally, Plaintiff's mental health care provider reported that although Plaintiff had presented with significant deterioration, she was responding well to treatment, indicating that Plaintiff's mental impairment was amenable to treatment and therefore could not be considered disabling. (R:344, *see Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986) (a medical condition that can reasonably be remedied is not disabling))

### B. Wax & Wane

Plaintiff argues that mental impairments may be considered disabling despite occasional periods of remission or symptom-free intervals; the claimant must be able to perform a job for a significant period time. *Moore v. Sullivan*, 895 F.2d 1065, 1068-69 (5th Cir. 1990); *Singletary v. Bowen*, 798 F.2d 818, 821 (5th Cir. 1986). However, an ALJ is not required to make a specific finding that a claimant can maintain a job unless "the claimant's ailment waxes and wanes in its manifestation of disabling symptoms." *Frank v. Barnhart*, 326 F.3d 618, 619, 621 (5th Cir. 2003). While a finding of non-disability is not necessarily compelled when there is evidence of remission

or symptom-free intervals, neither is a finding of disability. Plaintiff argues that evidence that she may have temporarily improved on the date of her psychological evaluation in 2008 is not sufficient to overcome the evidence in the record supporting Plaintiff's severe mood disorder and acknowledged moderate limitation in the domain of concentration persistence and pace. (Doc. 24:3)

This argument ignores several facts. The ALJ found that Plaintiff had a severe mood disorder and also found that Plaintiff had moderate limitation in the domain of concentration, persistence, and pace, and he did not find that the January 2010 treatment records indicated that Plaintiff's mental condition or mental impairment had been eliminated such that Plaintiff no longer experienced any mental limitations. (*See* Doc. 24:3; R:17, 20, 344) Plaintiff also ignores the fact that the burden remains on the plaintiff to demonstrate disability initially by providing evidence of an impairment manifested by disabling symptoms. (*See* Doc. 24:3)

P.A. Hernandez provided her medical opinion in March 2009. (R:287) As stated above, notes in Plaintiff's records from 2007 and 2008 state that Plaintiff's psychological symptoms were within normal limits, and in June, September, and December 2009, characterize Plaintiff's psyche as normal with no psychiatric symptoms. (R:213-18, 308-315) In January 2010, after Plaintiff had sought mental treatment, she reported no complaints during her mental status exam. (R:343) There was no evidence that Plaintiff's symptoms worsened again despite consistent treatment. Even Plaintiff's testimony regarding her depression reflects that she is depressed about not being able to do the things that she used to be able to do before, and that she takes antidepressant medication that helps her to not feel like not doing anything and helps her not to cry all the time. (R:43-44) Thus, the record does not demonstrate a mood disorder that waxes and wanes to the extent that its symptoms become disabling.

### C. Sufficient Hypothetical

As stated above, the RFC the ALJ stated in his opinion was, in relevant part, that Plaintiff could perform a slightly limited range of unskilled medium work requiring the performance of only simple tasks. (R:18) The hypothetical questions put to the vocational expert likewise provided for an individual who is "limited to unskilled work involving only simple tasks. . . ." (R:45-46) Thus, the vocational expert's answers to these hypothetical questions constitute evidence in support of the ALJ's step four finding that a hypothetical individual with the RFC the ALJ found, and thus Plaintiff, is able to perform her previous work.

### D. Sufficient Incorporation: unskilled simple work tasks for moderate limitation in concentration, persistence, and pace

Plaintiff argues that the vocational expert's response to the ALJ's hypothetical containing the RFC does not constitute substantial evidence supporting the ALJ's decision because it did not sufficiently incorporate the moderate limitation that the ALJ found Plaintiff had in the domain of concentration, persistence, and pace. (Doc. 22:5-7)

Several courts have found that a limitation to unskilled work alone does not reasonably incorporate a finding of moderate difficulties in maintaining concentration, persistence, and pace, into the claimant's RFC.[4] The Eighth Circuit has found that an RFC for a full range of unskilled sedentary work does not sufficiently incorporate the finding that a claimant with moderate

---

[4] *See Otte v. Commissioner*, No. 3:08-CV-2078-P BF, 2010 WL 4363400, *6, *12 (N.D. Tex. Oct. 18, 2010) (RFC for all unskilled work did not reasonably incorporate claimant's inability to perform detailed work tasks), *Report and Recommendation Adopted by* 2010 WL 4318838 (N.D. Tex. Oct. 27, 2010); *Chapa v. Astrue*, No. 2:05-CV-0253-J, 2008 WL 952947, *2, *5, *6 (N.D. Tex. Apr. 8, 2008) (RFC for all unskilled work did not reasonably incorporate claimant's moderate limitation in concentration, persistence, and pace, allowing for work activities that are routine and repetitive in nature).

15

difficulties in maintaining concentration, persistence, and pace can follow only simple directions. *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997). Likewise, the Tenth Circuit has found that an RFC and hypothetical question involving simple and unskilled work does not adequately accommodate a finding of moderate difficulties with concentration, persistence, and pace. *Wiederholt v. Barnhart*, 121 Fed. Appx 833, 839 (10th Cir. 2005). In *Wiederholt*, the ALJ stated the claimant's RFC mentally was limited to simple, unskilled job tasks. *Id*. In his discussion the ALJ found that claimant had "moderate difficulties in maintaining concentration, persistence, or pace." *Id*. The hypothetical question posed to the vocational expert only included the limitation to simple and unskilled work, it did not state the finding of the moderate difficulties. *Id*. The court found that the vocational expert's answer did not constitute substantial evidence. *Id*.

In an unpublished Fifth Circuit opinion, the reasoning in *Wiederholt* was rejected, and instead the panel reasoned that the ALJ had considered claimant's moderate limitations in concentration, persistence, and pace in determining claimant's RFC that she could perform at most one to two step instructions and that, consequently, such RFC reasonably incorporated claimant's recognized limitations. *Bordelon v. Astrue*, 281 Fed. Appx. 418, 422-423 (5th Cir. 2008) (*per curiam*). That reasoning is persuasive; the limitations on which the RFC is based are not required to be included verbatim in the RFC or in a hypothetical to the vocational expert. *See id*.

Subsequently, RFC provisions similar to those in this case have been found to reasonably incorporate a finding of moderate limitations in maintaining concentration, persistence, and pace. In *Barr*, an RFC for simple routine tasks was found sufficient. *Barr v. Astrue*, 3:11-CV-1349, 2012 WL 2358307 at *6 (N.D. Tex. June 21, 2012). And in *Gipson*, the most similar to the case at hand, an RFC for simple unskilled work activities was found to be adequate to accommodate such

16

limitations. *Gipson v. Astrue*, 3:10-CV-1413-BK, 2011 WL 540299 at *6-7 (N.D. Tex. Feb. 11, 2011). Thus, an RFC for simple unskilled work *can* reasonably incorporate a finding of moderate limitation in maintaining concentration, persistence, and pace.

In both *Barr* and *Gipson*, there was evidence in the record to support a finding that despite the moderate limitation, the claimant was, in fact, able to perform simple tasks; the state agency consultants assessed that despite a moderate limitation, the claimants retained an ability to understand, remember, follow, and carry out simple instructions. *Barr*, 2012 WL 2358307 at *6; *Gipson*, 2011 WL 540299 at *6-7. In this case, P.A. Hernandez's mental RFC assessment stated that Plaintiff had moderate difficulty with both complex and simple instructions, but the ALJ found the opinion to be unsupported by explanation or evidence. (*See* R:20, 286) The ALJ does not cite to the state agency consultant's Mental RFC Assessment form finding that Plaintiff had only mild limitations in concentration, persistence, and pace, or any evidence specifically stating that Plaintiff can perform unskilled simple work tasks on a sustained basis. (*See* R:20, 231) The ALJ does, however, refer to Dr. Barrientos's 2008 mental examination report reflecting that Plaintiff was mentally alert and competent, and reported being able to care for her personal needs, cook, do household chores, shop, and manage money. (R:19-20) The ALJ noted that Plaintiff engages in a wide range of routine activities independently, appropriately, and effectively. (R:20) Plaintiff was able to testify about some of the simple tasks that she performed in her previous relevant work. (R:36, 37) The only effect she described from her depression was that she did not feel like doing anything and cried, and that she was depressed because she physically felt unable to do the things she used to do before. (R:44) She also testified that the medication she was taking and the social worker she was seeing had helped decrease these symptoms. (R:43)

Thus, there is substantial evidence to support the ALJ's conservative determination that despite Plaintiff's moderate limitation in concentration, persistence, and pace, she retained the ability, the RFC, to perform simple tasks. Plaintiff has not demonstrated that the RFC failed to adequately incorporate a moderate limitation of concentration, persistence, or pace. The limitations on which Plaintiff's RFC was based were not required to be included in the RFC or the hypothetical question to the vocational expert. *See Bordelon*, 281 Fed. Appx. at 422-423. The hypothetical question posed to the vocational expert was therefore not deficient for failing to include verbatim a moderate limitation in concentration, persistence, and pace.

### E.   RFC for *even* or *only* repetitive simple unskilled tasks?

The Court notes that in his discussion of Plaintiff's RFC, the ALJ stated that Plaintiff "retains the ability to perform simple, *repetitive* work tasks on a sustained basis." (R:20 (*emphasis added*)) Although "repetitive" might be used to expand the category of unskilled simple work that can be performed in relation to a physical condition alleged to limit the ability to perform repetitive actions, in reference to a mental limitation of concentration, persistence, and pace, it appears more likely to restrict the category of unskilled simple work the Plaintiff was found able to perform. Both the ALJ's concise statement of Plaintiff's RFC in his decision and his hypothetical question to the vocational expert, however, omit the "repetitive" qualifier from the description of the simple work tasks Plaintiff is still able to perform. (R:18, 45-46) For this reason, it is unclear whether the ALJ's RFC or the hypothetical question sufficiently incorporated all of the ALJ's findings as to Plaintiff's RFC. Consequently, it is unclear whether the ALJ's step four determination, is substantially supported by the ALJ's own discussion and stated findings. On remand, the Commissioner should resolve the apparent internal conflict between the inclusion of the "repetitive" qualifier in the ALJ's

18

discussion and the omission of it in his statement of Plaintiff's RFC and the hypothetical question to the vocational expert on which he relied for his step four determination, obtaining additional vocational expert testimony if necessary.

## CONCLUSION

For the reasons set forth above, the Court concludes that the ALJ's findings are the result of legal error and are not supported by substantial evidence. The Commissioner's decision is, therefore, **REVERSED AND REMANDED** for further administrative proceedings.

**SIGNED** and **ENTERED** on June 7, 2013.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE